IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JANET RENA HAYNES												PLAINTIFF

VERSUS												CIVIL ACTION NO: 3:08CV065-M-A

SOUTH TIPPAH SCHOOL DISTRICT											DEFENDANT

_____

**ORDER**
_____

This cause comes before the court on the motion of defendant South Tippah School District for summary judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff Janet Rena Haynes has responded in opposition to the motion, and the court, having considered the memoranda and submissions of the parties, concludes that the motion is well taken and should be granted.

This is a sex discrimination action in which Haynes alleges that she was not hired as vice-principal of Ripley Elementary School because she is a woman. In the summer of 2007, Haynes learned that the vice-principal position had become vacant after the school's previous principal, Larry Campbell, was promoted to superintendent. Ripley Elementary's previous vice-principal, Nedra Nabors, was promoted to principal, and Haynes, who had taught kindergarten in the school system for several years, sought the vacant vice-principal position. According to plaintiff, she was given reason to believe that the position would be hers, based partly upon the fact that, she contends, "the usual practice of the district was to promote from within the district, and often even from the very school, to fill assistant principal's positions." In addition, plaintiff alleges that both Campbell

1

and Nabors had indicated to her, just prior to their expected promotions to superintendent and principal, that she would be selected for the position. Nabors and Campbell deny that any such assurances were made.

Plaintiff alleges that, soon after Campbell and Nabors were promoted, she was given indications that the vice-principal job might not actually be hers. Plaintiff asserts that Nabors complained of pressure that she was under to "hire certain people," and plaintiff was disappointed to learn that other candidates were being interviewed for the position. Plaintiff somewhat reluctantly agreed to interview for the position herself, stating "well, I guess I'll have to interview if you're interviewing everybody else, if that's the way you're gonna do it." Plaintiff underwent what she describes as a "perfunctory" fifteen-minute interview with Nabors for the position, during which Nabors asked what she later testified were the standard questions that she asked of all applicants. Eventually, the school accepted Nabors' recommendation that it hire Joey Stroup, a man who had over twenty-five years' experience in education. Feeling aggrieved, plaintiff filed a charge of discrimination with the EEOC, and she thereupon filed the instant action, seeking recovery under Title VII and/or 42 U.S.C. § 1983 for sex discrimination.

Defendant has presently moved for summary judgment, contending that there is no genuine issue of fact regarding its liability for sex discrimination and that it is entitled to judgment as a matter of law. To establish a *prima facie* case of discrimination under Title VII based on the failure to hire/promote, a plaintiff must show that: (1) she was within a protected class; (2) she was qualified for the position sought; (3) she was not promoted; and (4) the position she sought was filled by someone outside the protected class. *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981)). Defendant concedes that plaintiff is able to establish a *prima facie* case of discrimination

2

in this case, but it has, in accordance with the *McDonnell-Douglas* framework, submitted what it contends to be a legitimate non-discriminatory reason for its failure to hire plaintiff as vice-principal.

Defendant has offered a rather straight-forward reason for its failure to hire plaintiff, namely that she was not, for various reasons, within the top five most qualified applicants for the position. Specifically, defendant asserts that:

> Nabors explained in her deposition that she was seeking a candidate with an administrative license, some administrative experience, someone familiar with or willing to learn about their Teacher Support Team (TCT) program, as well as teaching experience. In regard to the plaintiff, Ms. Nabors was also concerned with the fact that numerous employees at Ripley Elementary had approached her and expressed their desire that the school not hire Haynes. According to Ms. Nabors, Haynes was not even one of her top five candidates following the application and interview process. Haynes had no administrative experience, had only been teaching six years when she applied for the position and had taught only kindergarten.

Defendant contends that plaintiff's qualifications were far inferior to Stroup's, who "had taught Math, Social Studies and Reading, had been a football coach, had six years of experience as an assistant principal and one year's experience as a principal and came highly recommended." Defendant further notes that plaintiff unsuccessfully sought two other vice-principal positions, and it argues that her failure to obtain these positions supports its decision not to hire her.

Defendant has clearly offered a legitimate, non-discriminatory reason for not hiring plaintiff, and it is therefore incumbent upon plaintiff to demonstrate either 1) that this stated reason was pretextual or that 2) discrimination was otherwise a factor motivating defendant's decision. Plaintiff has failed to do so. Indeed, plaintiff's "proof" of sex discrimination in this case appears to consist largely of her own personal suspicions, along with a less-than compelling statistical analysis of prior hiring activity at the school. Specifically, plaintiff asserts that:

> It turns out that Ripley Elementary School is in a "bad" (black) neighborhood. The

3

> general feeling was that there needed to be a man on the premises at all times. Nabors, who had been at the school for 23 ½ years, testified that there had never been a time through all those years when both the principal and assistant principal were female.

Plaintiff's own unsubstantiated testimony regarding the "general feeling" at the school does not constitute competent summary judgment evidence of discrimination, and she offers no evidence that the relevant decision-maker(s) based their hiring decision on sex.

The closest plaintiff comes to offering proof of discriminatory intent is her assertion that Nabors told her that "you don't know the pressure I'm under to hire certain people." Even accepted as true, this alleged statement by Nabors does not constitute evidence of discriminatory intent on her part, inasmuch as it makes no reference whatsoever to sex or any other classification protected by Title VII. Moreover, there is evidence in the record suggesting that Nabors was under pressure to not hire Nabors based on her own lack of suitability for the job. In her deposition, Nabors identified several Ripley Elementary teachers who had approached her to urge that plaintiff not be hired. For example, Nabors quoted first grade teacher Ruby Bennett as having told her the following:

> A: She said, surely you're not going to hire Ms. Haynes. And she made the statement that if Ms. Haynes had been hired and she came in to evaluate her, that she would have to get up and leave the room.

Nabors cited similar remarks from several other teachers, and it thus appears that a certain amount of "bad blood" and disrespect existed between plaintiff and teachers at Ripley Elementary.

The court would also note that plaintiff is on shaky ground in suggesting that the fact that defendant conducted a full and open interview and application process should be held against it in this case. It strikes this court that an open application process is much more likely to produce a qualified candidate than the school district's "traditional" practice of hiring from within. Indeed, as

4

noted previously, defendant has produced considerable evidence that plaintiff's experience in the school district would hamper, rather than assist, her in serving as vice-principal. Under these circumstances, it is clearly incumbent upon plaintiff to offer more than rather suspect statistical analysis and her own impressions regarding the "general feeling" at the school. Plaintiff does not dispute that Stroup had more experience than her, including six years' experience as a vice-principal, and defendant has submitted very substantial proof casting doubt upon whether plaintiff was the most suitable candidate for the position. Plaintiff has failed to rebut defendant's stated non-discriminatory reason for not hiring her as vice-principal, nor has she produced evidence suggesting that discrimination was otherwise a motivating factor behind its decision to hire Stroup. Defendant's motion for summary judgment is therefore due to be granted.

It is therefore ordered that defendant's motion for summary judgment is granted.

A separate judgment will be issued this date, pursuant to Fed. R. Civ. P. 58.

ORDERED, this the 6th day of October, 2009.

                                          **/s/ MICHAEL P. MILLS**
                                          **CHIEF JUDGE**
                                          **UNITED STATES DISTRICT COURT**
                                          **NORTHERN DISTRICT OF MISSISSIPPI**